D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
**WILLIAM LOJANO,**

        **Plaintiff,**　　　　　　　　　**ACTION COMPLAINT**

  v.

**NOODLE PUDDING, INC. and ANTONIO**　　**DEMAND FOR JURY TRIAL**
**MIGLIACCIO**

        **Defendants.**
---------------------------------------------------------x

Plaintiff William Lojano alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over New York state law claims brought under the NYLL as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Defendant Noodle Pudding, Inc is a New York Corporation that owns and operates Noodle Pudding restaurant, located at 38 henry Street, Brooklyn, NY 11201 ("Defendant Noodle Pudding").

4. Defendant Antonio Migliaccio is the chef-owner of Noodle Pudding. He is regularly present at the Restaurant and manages its day to day affairs.

5. Defendant Migliaccio is listed on the liquor license as the restaurant's principal.

6. Defendant Migliaccio has authority to hire and fire employees and in fact hired Plaintiff.

7. Defendant Migliaccio regularly disciplines employees, including Plaintiff.

8. Defendant Migliaccio has authority over how employees at Noodle Pudding are paid.

9. Plaintiff William Lojano was employed as a busboy at Noodle Pudding from 2015 through 2018.

## FACTS

### Wage and Hour Facts

10. Throughout Plaintiff's employment, he worked 6 days per work, from 4:00 p.m. until about 10:30/11:00 p.m.

11. Plaintiff was paid in the form of tips.

12. Plaintiff received no paycheck in addition to his tips.

13. Thus, Plaintiff was paid no cash wage, as required by law. Nor was he paid an overtime wage for the weeks his hours exceeded 40.

14. Plaintiff did not receive a wage statement, as required by New York Labor Law § 195(3).

15. Plaintiff did not receive a statement when he was hired detailing what his rate of pay would pay, as required by NYLL § 195(1).

## FIRST CLAIM FOR RELIEF
### FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,

16. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

17. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

18. Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

19. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

22. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for

work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

23. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

24. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. Defendants knowingly paid the Plaintiff less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

27. Defendants did not pay Plaintiff minimum wage for all hours worked.

28. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

29. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York State Overtime Violations, N.Y. Lab. L.
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

32. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

33. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants did not provide Plaintiff with the notices/wage statements required by N.Y. Lab. Law § 195.

36. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C. An award of damages, according to proof, including, back pay, front pay, compensatory damages, and punitive damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
       March 3, 2020

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*
    D. Maimon Kirschenbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which she has a right to jury trial.